EXHIBIT A

**SEI**
PAUL A. SHPIRT, ESQ.
Nevada Bar No. 10441
DIMOPOULOS INJURY LAW
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
O: (702) 800-6000
F: (702) 224-2114
ps@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-22-852892-C
Department 31

## DISTRICT COURT

## CLARK COUNTY, NEVADA

NOOR KARIM BUSTAMI, individually,

    Plaintiff,

vs.

KENT NEIL DAVIS; individually; WESTERN
SPECIALIZED, INC., a Foreign Corporation;
DOE INDIVIDUALS 1-20, inclusive; and ROE
CORPORATIONS 1-20, inclusive,

    Defendants.

CASE NO.:
DEPT NO.:

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**  A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### WESTERN SPECIALIZED, INC.

1.  If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

Page 1 of 2

DIMOPOULOS
INJURY LAW

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

**DIMOPOULOS INJURY LAW**

PAUL A. SHPIRT, ESQ.
Nevada Bar No. 10441
6671 S. Las Vegas Blvd., Suite 275
Las Vegas, Nevada 89119

**STEVEN D. GRIERSON**
**CLERK OF COURT**

By: _____    5/19/2022
**DEPUTY CLERK**                          Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Irish Lapira

Electronically Filed
5/19/2022 3:58 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
PAUL A. SHPIRT, ESQ.
Nevada Bar No. 10441
DIMOPOULOS INJURY LAW
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
O: (702) 800-6000
F: (702) 224-2114
ps@stevedimopoulos.com
*Attorneys for Plaintiff*

CASE NO: A-22-852892-C
Department 31

## DISTRICT COURT

## CLARK COUNTY, NEVADA

NOOR KARIM BUSTAMI, individually,

Plaintiff,

vs.

KENT NEIL DAVIS; individually; WESTERN
SPECIALIZED, INC., a Foreign Corporation;
DOE INDIVIDUALS 1-20, inclusive; and ROE
CORPORATIONS 1-20, inclusive,

Defendants.

CASE NO.:
DEPT NO.:

**COMPLAINT**

(**DEMAND FOR JURY TRIAL**)

DIMOPOULOS
INJURY LAW

COMES NOW Plaintiff, NOOR KARIM BUSTAMI, by and through her counsel, Steve Dimopoulos, Esq. and Paul A. Shpirt, Esq. of DIMOPOULOS INJURY LAW, and files her Complaint against the Defendants and each of them and alleges as follows:

## JURISDICTION

1.     At all times relevant hereto, Plaintiff, NOOR KARIM BUSTAMI (hereinafter "Plaintiff") was and still is a resident of the County of Clark, State of Nevada.

2.     That at all times relevant hereto, it is believed that Defendant, KENT NEIL DAVIS, (hereinafter "Defendant DAVIS"), was a resident of the County of Clark, State of Nevada.

3.     Based upon information and belief, Plaintiff hereby alleges that at all times referenced herein, Defendant WESTERN SPECIALIZED, INC. (hereinafter "Defendant WESTERN") is and was a foreign corporation doing business in the County of Clark, State of Nevada.

4.      That the true names and capacities of the Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as DOES 1 through 20 are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiff is informed, believes, and thereon alleges that Defendants ROE CORPORATIONS 1 through 20, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE CORPORATIONS 1 through 20. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated as a DOE or a ROE CORPORATION is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

5.      Plaintiff repeats and realleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

6.      That on or about September 22, 2021, and for all times relevant hereto, Plaintiff was a driver of a 2017 Ford Escape, and was at a complete stop on Interstate 215, southbound in the number one left turn lane at the SR604 offramp, in Clark County, Nevada.

7.      That at the same time and location on September 22, 2021, and for all times relevant hereto, Defendant DAVIS was operating a 2020 Kenworth Tractor Trailer ("2020 Kenworth"), owned by Defendant WESTERN, in the course and scope of his employment with Defendant, WESTERN, and was traveling on Interstate 215, southbound in the number one left turn lane at the SR604 offramp, in Clark County, Nevada.

8.      Defendant DAVIS, did not pay attention to the traffic around him, failed to obey the traffic laws, did not keep proper distance from Plaintiff's vehicle, failed to stop in time, striking Plaintiff's vehicle, which resulted in the subject collision, causing Plaintiff's injuries.

DIMOPOULOS
INJURY LAW

**FIRST CAUSE OF ACTION**
**(Negligence – as to Defendant DAVIS)**

9.    Plaintiff hereby repeats, realleges, and incorporates by reference each and every allegation set forth in the above paragraphs as though each were set forth herein.

10.    Defendant DAVIS had a duty to operate the 2020 Kenworth in a safe and reasonable manner and in accordance with the traffic laws of the State of Nevada.

11.    Defendant DAVIS breached this duty when he operated the 2020 Kenworth in a negligent, careless, unsafe, and reckless manner, thereby causing a vehicle collision, and the cause of said collision was the legal and proximate cause of injuries to Plaintiff.

12.    As a direct and proximate result of Defendant's aforesaid conduct, Plaintiff was injured in her health, strength and activity, sustained injuries to her body, and shock and injury to her person, all of which have caused and will continue to cause Plaintiff pain and suffering.

13.    As a direct and proximate result of Defendant's aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiff's general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

14.    That Plaintiff has been required to retain the services of an attorney and has incurred costs of suit herein.

**SECOND CAUSE OF ACTION**
**(Negligence- as to Defendant WESTERN)**

15.    Plaintiff repeats and realleges each and every allegation set forth above as through each were set forth herein.

16.    On September 22, 2021, Defendant DAVIS was driving a vehicle while in employment of Defendant WESTERN.

17.    On September 22, 2021, Defendant DAVIS was driving a vehicle while in the course and scope of his contract/employment with Defendant WESTERN.

18.    On September 22, 2021, and all times mentioned herein, Defendant DAVIS was acting within the scope and course of his employment with Defendant WESTERN because he was operating

1    the motor vehicle for his employer's benefit during his working hours.

2        19.    Because Defendant DAVIS was acting in the course and scope of his employment

3    with Defendant WESTERN when the accident as stated herein occurred, Defendant WESTERN is

4    vicariously liable, jointly and severally, for damages to Plaintiff through the doctrine of respondent

5    superior.

6        20.    Because Defendant DAVIS was employed by Defendant WESTERN and Defendant

7    WESTERN was responsible for his conduct, Defendant WESTERN is liable for his negligent conduct

8    under NRS 41.745.

9        21.    Defendant's, and/or DOE Defendants', negligence was the actual and proximate cause

10   of injuries incurred by Plaintiff, resulting in medical expenses, permanent injury, lost wages and pain

11   and suffering in an amount in excess of $15,000.00.

12       22.    It has been necessary for Plaintiff to retain the services of counsel to represent him in

13   the above-entitled matter, and he should be awarded reasonable attorneys' fees and costs of suit

14   incurred herein.

15                         **THIRD CAUSE OF ACTION**

16            **(Negligent Entrustment as to Defendant WESTERN)**

17       23.    Plaintiff repeats and realleges each and every fact and allegation contained in this

18   Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

19       24.    That at all times relevant hereto, Defendant WESTERN, owned, maintained, and

20   controlled the vehicle which was driven by Defendant DAVIS.

21       25.    That at all times relevant hereto, Defendant WESTERN, or by its employees, agents

22   or assigns, negligently, carelessly and recklessly allowed Defendant DAVIS, to operate Defendant

23   WESTERN's vehicle.

24       26.    That at all times relevant hereto, Defendant WESTERN, or its employees, agents or

25   assigns, negligently, carelessly and recklessly maintained and controlled its employees, agents or

26   assigns, thereby causing the subject accident.

27       27.    That as a direct and proximate result of the aforesaid acts and/or inactions of

28   Defendant WESTERN, or by its employees, agents or assigns, were breaches of the duty of

DIMOPOULOS
INJURY LAW

reasonable care owed by Defendants to its customers and to the general public, and in particular to Plaintiff.

28.     That by reason of the Defendants' negligent acts and as a direct and proximate result thereof, Plaintiff sustained great pain of body and mind, suffering, and mental stress and anxiety, all or some of which conditions may have been permanent and disabling in nature, all to Plaintiff's damage in an amount in excess of $15,000.00.

29.     That by reason of the Defendants' negligent acts and as a direct and proximate result thereof, Plaintiff incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damage, the present amount of which is unknown; all to Plaintiff's damage in a presently unascertainable amount in excess of $15,000.00. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

30.     As a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiff to retain an attorney to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training and Supervision as to Defendant WESTERN)

31.     Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

32.     That Defendant WESTERN and Defendants DOE and ROE BUSINESS ENTITY had a duty to properly hire, train and supervise its staff, employees and/or agents including Defendant DAVIS.

33.     That as described in detail in the above paragraphs incorporated herein, these Defendants, and each of them, failed to meet this obligation and breached this duty to adequately hire, train and supervise each of their staff and other agents.

34.     That as a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff suffered damage in an amount in excess of $15,000.00.

35.     That Defendants failures were the proximate cause of substantial injury to Plaintiff and severe emotional distress.

DIMOPOULOS
INJURY LAW

36.     That pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" Defendant WESTERN is liable to Plaintiff for their management's wrongful and tortuous acts.

37.     That Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, and physical injury.

38.     That as a direct and proximate cause of Defendants' wrongful conduct, Plaintiff suffered and continues to suffer special, general, and compensatory damages in excess of $15,000.00.

39.     That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to secure the services of any attorney to pursue this action, and Plaintiff should be allowed a reasonable sum for his attorney fees and costs incurred herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff expressly reserves the right to amend this Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, and demands Judgment against Defendants as follows:

1.     General damages in excess of $15,000.00.

2.     Special damages in excess of $15,000.00.

3.     Lost wages in an amount yet to be determined.

4.     Interest and costs incurred by the Plaintiff in bringing these claims.

5.     Costs of suit incurred including reasonable attorneys' fees.

6.     For such other relief as the Court deems just and proper.

DATED this 19th day of May, 2022.

**DIMOPOULOS INJURY LAW**

By: _____
PAUL A. SHPIRT, ESQ.
Nevada Bar No. 10441
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
*Attorney for Plaintiff*

**AFFIDAVIT OF SERVICE**

Electronically Filed
5/25/2022 9:38 AM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-22-852892-C | Court:<br>Eighth Judicial District Court | County:<br>Clark, NV | Job:<br>7122537 (2087... |
|---|---|---|---|
| Plaintiff / Petitioner:<br>NOOR KARIM BUSTAMI | | Defendant / Respondent:<br>WESTERN SPECIALIZED, INC., et al. | |
| Received by:<br>Hansen Civil Process | | For:<br>Dimopoulos Injury Law | |
| To be served upon:<br>WESTERN SPECIALIZED, INC. | | | |

I, Richard Hansen, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Jean Goettl, 111 Summit Ave, Mankato, MN 56001
**Manner of Service:**      Registered Agent, May 23, 2022, 1:28 pm CDT
**Documents:**          Complaint, Summons

**Additional Comments:**
1) Successful Attempt: May 23, 2022, 1:28 pm CDT at 111 Summit Ave, Mankato, MN 56001 received by Jean Goettl. Age: 45; Ethnicity: Caucasian; Gender: Female; Weight: 280; Height: 5'5"; Hair: Brown; Relationship: HR and Safety Manager; Other: Handed to and left with Jean Goettl who affirmed that she is authorized to receive civil process for Western Specialized, Inc.;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_____  05/24/2022
Richard Hansen                **Date**

Serve Vegas LLC
Nevada License 1914-C
9811 W. Charleston Blvd 2-732
Las Vegas, NV 8911
702-209-2140

Electronically Filed
6/15/2022 8:26 AM
Steven D. Grierson
CLERK OF THE COURT

# AFFIDAVIT OF SERVICE

| Case: A-22-852892-C | Court: Eighth Judicial District Court | County: Clark, NV | Job: 7122503 (208708) |
|---|---|---|---|
| Plaintiff / Petitioner: NOOR KARIM BUSTAMI | | Defendant / Respondent: WESTERN SPECIALIZED, INC., et al. | |
| Received by: Serve Vegas LLC | | For: Dimopoulos Injury Law | |
| To be served upon: KENT NEIL DAVIS | | | |

I, Deputy Gaalswyk, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   KENT NEIL DAVIS, 27054 Gayle Ave Unit B, Tea, South Dakota 57064
Manner of Service:   Personal/Individual, Jun 2, 2022, 7:40 am CDT
Documents:   Complaint, Summons

Additional Comments:
1) Successful Attempt: Jun 2, 2022, 7:40 am CDT at 27054 Gayle Ave Unit B, Tea, South Dakota 57064 received by KENT NEIL DAVIS. Age: 59; Ethnicity: Caucasian; Gender: Male; Weight: 300; Height: 5'8"; Hair: Bald;

I declare under penalty of perjury that the foregoing is true and correct.

Deputy Gaalswyk                    Date

Serve Vegas LLC
Nevada License 1914-C
9811 W. Charleston Blvd 2-732
Las Vegas, NV 8911
702-209-2140

Case Number: A-22-852892-C